NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IGT,**
*Plaintiff/Counterclaim Defendant-Appellant*

**v.**

**ARISTOCRAT TECHNOLOGIES, INC.,**
*Defendant/Counterclaimant-Appellee*

**ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LIMITED, ARISTOCRAT INTERNATIONAL PTY. LTD.,**
*Counterclaimants-Appellees*

---

2015-2083

---

Appeal from the United States District Court for the District of Nevada in No. 2:15-cv-00473-GMN-GWF, Judge Gloria M. Navarro.

---

Decided: May 12, 2016

---

ADAM MORTARA, Bartlit Beck Herman Palenchar & Scott LLP, Chicago, IL, argued for plaintiff/counterclaim defendant-appellant. Also represented by REID M. BOLTON, JASON LLOYD PELTZ, BRIAN SWANSON; DANIEL CHARLES TAYLOR, Denver, CO.

ROBERT T. HASLAM, Covington & Burling LLP, Redwood Shores, CA, argued for defendant/counterclaimant-appellee and counterclaimants-appellees. Also represented by AUSTIN KEILLER HAMPTON, GARY RUBMAN, PETER ANDREW SWANSON, Washington, DC.

_____

Before PROST, *Chief Judge,* NEWMAN and LOURIE, *Circuit Judges.*

PROST, *Chief Judge.*

IGT appeals the district court's denial of its motion for a preliminary injunction to prohibit Aristocrat from challenging the validity of IGT's patents at the U.S. Patent and Trademark Office ("PTO"). IGT argues that the doctrine of assignor estoppel precludes invalidity challenges by Aristocrat, and that IGT would suffer irreparable harm if Aristocrat were to file a petition for inter partes review and succeed in cancelling IGT's patent claims. The district court denied IGT's motion. *IGT v. Aristocrat Techs., Inc.*, No. 2:15-cv-473 (D. Nev. Sept. 18, 2015) ("*District Court Decision*"). While we agree with the district court that the circumstances existing at the time of its decision were too speculative to justify a preliminary injunction, we vacate and remand for the court to consider recent updates in events.

I

This suit began in March of 2015, when IGT filed a complaint alleging that Aristocrat's slot machines infringed ten of IGT's patents. In July of 2015, IGT moved to preliminarily enjoin Aristocrat from challenging the validity of four of IGT's patents at the PTO on the basis of assignor estoppel. IGT alleged that Joseph Kaminkow, the named inventor on the four patents, worked for IGT from 1999 to 2012; that he assigned these patents to IGT during his employment there; that he later joined Aristo-

crat in 2013; and that he was involved in Aristocrat's development of the accused slot machines. IGT argued that Mr. Kaminkow, having assigned the patents for value, was precluded from challenging their validity under the doctrine of assignor estoppel. *Diamond Scientific Co. v. Ambico, Inc.*, 848 F.2d 1220, 1224 (Fed. Cir. 1988) ("Assignor estoppel is an equitable doctrine that prevents one who has assigned the rights to a patent (or patent application) from later contending that what was assigned is a nullity."). And IGT argued that Aristocrat was precluded from doing so as well, as assignor estoppel applies not only to the assignor himself, but also to other parties in privity with the assignor when the assignor bears a sufficiently close relationship to the party's infringing activity. *See Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 839 (Fed. Cir. 1991) ("What is significant is whether the ultimate infringer availed itself of the inventor's 'knowledge and assistance' to conduct infringement." (citations omitted)).

To satisfy the four-factor preliminary injunction test, IGT argued that: (1) IGT was likely to succeed in establishing applicability of the assignor estoppel doctrine; (2) IGT would suffer irreparable harm if Aristocrat were to file a petition for inter partes review and succeed in cancelling IGT's claims; (3) the balance of equities favored IGT; and (4) enjoining Aristocrat from filing a petition for inter partes review served the public interest.

The district court denied IGT's motion for failure to establish the second factor, likelihood of irreparable harm. The court explained:

> Multiple contingencies must occur before Defendant's petition would injure Plaintiff. Specifically, the United States Patent Office would have to institute the proceedings and reach a finding of invalidity before Plaintiff would actually suffer injuries from Defendant's petition. Since, at this time, the

Court cannot predict whether the Patent Office will decide to institute *inter partes* review, the circumstances Plaintiff offers show a possibility of injury, but are too contingent to satisfy the likelihood of irreparable harm standard.

*District Court Decision* at 7. In addition to finding a lack of a likelihood of irreparable harm, the court also noted that inter partes review is "a statutorily permitted procedure" and that Aristocrat "would not infringe on any of [IGT's] legal rights by pursuing such action." *Id.* at 7-8.

We have jurisdiction pursuant to 28 U.S.C. §§ 1292(c)(1) and 1295(a)(1). We review a denial of preliminary injunction for abuse of discretion. *Takeda Pharm. U.S.A., Inc. v. W.-Ward Pharm. Corp.*, 785 F.3d 625, 629 (Fed. Cir. 2015).

## II

IGT's request for a preliminary injunction is premised on its observation that the PTO does not recognize assignor estoppel as a defense in inter partes review or reexamination proceedings.[1] Given this state of affairs, IGT argues that a preliminary injunction is its best recourse to prevent Aristocrat, a party whom it argues is estopped from challenging validity in the district court, from making an end-run around the doctrine by invalidating IGT's patents at the PTO instead.

---

[1]    *See Redline Detection, LLC v. Start Environtech, Inc.*, No. IPR2013-00106, 2013 WL 5970197, at *2 (P.T.A.B. Aug. 27, 2013) (refusing to apply assignor estoppel in inter partes review proceeding); Inter partes reexamination No. 95/000,120, at 12-14 (July 19, 2006) (refusing to apply assignor estoppel in inter partes reexamination proceeding).

We begin by clarifying what we are *not* deciding in this case. Although both parties brief the question of whether or not the doctrine of assignor estoppel should apply in PTO proceedings, they both conclude that we need not answer that question in this case. We agree. That question is not properly before us and we therefore render no opinion on it.[2] Rather, we address in this case only the narrow question that has been appealed: whether or not the district court was correct in denying IGT's motion for preliminary injunction.

We answer that question in the affirmative. A movant seeking a preliminary injunction must show that "irreparable injury is *likely* in the absence of an injunction." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). It is not enough to show a "possibility" of harm, as "a possibility of irreparable harm is inconsistent with [the] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief." *Id.*

Here, the district court was correct that IGT failed to show a likelihood of irreparable harm. At the time IGT filed its motion, Aristocrat had not even filed petitions seeking inter partes review. There were therefore multiple events yet to occur before IGT would potentially experience cancellation of its claims: Aristocrat would need to file a petition seeking inter partes review; the PTO would need to conclude that there was a reasonable likelihood that Aristocrat would prevail in its invalidity challenge and actually institute inter partes review proceedings; the PTO would need to conduct an adminis-

---

[2]    Accordingly, we express no opinion on the district court's comment that, "[b]ecause *inter partes* review is a statutorily permitted procedure, Defendant would not infringe on any of Plaintiff's legal rights by pursuing such action." *District Court Decision* at 7-8.

trative trial to evaluate the merits of Aristocrat's position; and, ultimately, the PTO would need to conclude that Aristocrat had succeeded in proving IGT's claims invalid. As the district court correctly noted, these circumstances are far "too contingent to satisfy the likelihood of irreparable harm standard." *District Court Decision* at 7.

Since the district court's decision, however, Aristocrat has filed petitions seeking inter partes review on all four of IGT's patents, and the PTO has thus far instituted two of the four. While IGT asks us to consider these changed circumstances in evaluating the propriety of a preliminary injunction, we decline to do so. It is up to the district court, in the first instance, to determine whether and how the filing and institution of Aristocrat's petitions weigh in the preliminary injunction analysis. The proper course of action, therefore, is to vacate and remand to allow the parties to argue the impact of the changed circumstances to the district court.

For the reasons expressed herein, we vacate and remand.

## VACATED AND REMANDED