NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**NATURAL RESOURCES DEFENSE COUNCIL INC., CENTER FOR BIOLOGICAL DIVERSITY, ANIMAL WELFARE INSTITUTE,**
*Plaintiffs-Appellees*

**v.**

**WILBUR L. ROSS, IN HIS OFFICIAL CAPACITY OF SECRETARY OF COMMERCE, DEPARTMENT OF COMMERCE, CHRIS OLIVER, IN HIS OFFICIAL CAPACITY AS ASSISTANT ADMINISTRATOR OF THE NATIONAL MARINE FISHERIES SERVICE, NATIONAL MARINE FISHERIES SERVICE, STEVEN MNUCHIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE TREASURY, DEPARTMENT OF THE TREASURY, KEVIN K. MCALEENAN, IN HIS OFFICIAL CAPACITY AS ACTING SECRETARY OF HOMELAND SECURITY, DEPARTMENT OF HOMELAND SECURITY,**
*Defendants-Appellants*

_____

2018-2325

_____

Appeal from the United States Court of International Trade in No. 1:18-cv-00055-GSK, Judge Gary S. Katzmann.

_____

Before REYNA, BRYSON, and STOLL, *Circuit Judges.*

PER CURIAM.

## O R D E R

Defendants-Appellants (collectively, the United States government, or "Government"), appeal the entry of a preliminary injunction by the U.S. Court of International Trade ("CIT") in favor of the Plaintiffs-Appellees ("Natural Resources"). The Government requests that this court reverse the preliminary injunction pending a decision by the CIT on the underlying merits of the injunction. Recently, the court was made aware of certain changes in factual circumstances related to the basis upon which the CIT relied in reaching its decision to impose the preliminary injunction. The court concludes that the alleged factual changes are such that the CIT, and not this court, should review them in the first instance. For that reason, the court remands to the CIT for further proceedings. At the same time, the court concludes that the status quo should be preserved and thus the preliminary injunction shall remain in force pending further determination.

## BACKGROUND

On March 21, 2018, Natural Resources filed suit in the CIT against the Government for agency action unlawfully withheld or unreasonably delayed under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), and the Marine Mammal Protection Act ("MMPA"). In relevant part, the MMPA provides that the Government "shall ban the importation of commercial fish or products from fish which have been caught with commercial fishing technology which results in the incidental kill or incidental serious injury of ocean mammals in excess of United States standards." 16 U.S.C. § 1371(a)(2) ("Import Ban"). Natural Resources alleged that the vaquita, a small porpoise endemic to certain waters of the Sea of Cortez, is a critically endangered mammal whose population is on the verge of

extinction due to gillnet fishing in Mexico. Natural Resources further alleged that the Government's failure to ban imports of gillnet-harvested fish taken from certain fisheries in Mexico constituted agency action unlawfully withheld or unreasonably delayed under the APA and the MMPA. The Government answered the complaint.

On April 16, 2018, Natural Resources filed a Motion for Preliminary Injunction, arguing that the vaquita kill-rate in Mexico's northern Gulf gillnet fisheries exceeded U.S. standards, thereby triggering a requirement that Commerce impose the Import Ban. On May 7, 2018, the Government filed its opposition to the Motion for Preliminary Injunction and moved to dismiss for lack of jurisdiction.

On July 26, 2018, the CIT denied the Government's Motion to Dismiss and granted Natural Resources' Motion for Preliminary Injunction. The CIT entered a preliminary injunction requiring, among other things, that the Government "ban the importation from Mexico of all shrimp, curvina, sierra, and chano fish and their products caught with gillnets inside the vaquita's range." J.A. 63. On August 24, 2018, the Government filed a notice of appeal, challenging the CIT's preliminary injunction.

On October 12, 2018, the Government filed with this court an Emergency Motion to Stay Injunction Pending Appeal. On November 28, 2018, this court denied the motion for a stay upon concluding that the Government had not established that a stay was warranted. Oral argument was subsequently scheduled for May 9, 2019.

On March 29, 2019, the Government filed a letter with the court under Federal Rule of Appellate Procedure 28(j). The letter informed the court that on November 27, 2018, the Government moved the CIT to dismiss the underlying action as moot. The Government also informed the court that its motion to dismiss was fully briefed and pending before the CIT.

On May 6, 2019, the Government filed a second letter with this court, noting that the CIT held a hearing on the Government's pending motion to dismiss as moot. According to the Government, the CIT ordered supplemental briefing. After the supplemental briefing was filed, the CIT stayed further action pending resolution of the appeal before this court.

In both aforementioned letters, the Government provided electronic links to various documents that it claimed to have submitted to the CIT in support of its motion to dismiss. The Government asserts that the letters demonstrate a factual change in circumstances underlying the preliminary injunction because it has now undertaken final agency action obviating Natural Resources' contention that agency action had been unlawfully withheld or unreasonably delayed under § 706(1).[1] Specifically, the Government states that on November 9, 2018, the Mexican government requested that the National Marine Fisheries Service ("NMFS") make comparability findings as to the Mexican fisheries in the Upper Gulf of California. The Government also claims that on November 27, 2018, the NMFS issued a final determination as to the Mexican fisheries and whether they should remain subject to an Import

---

[1] For example, the Government references: (a) actions taken by the Mexican government; (b) a Federal Register notice that it claims reflects that the Government conducted comparability findings and determined that an Import Ban is warranted for curvina fish and fish products in the gillnet fishery in the Upper Gulf of California; (c) removal of alleged illegal fisheries from the list of foreign fisheries; and (d) a declaration from Nina M. Young—an employee of the National Marine Fisheries Service—detailing numerous factual developments about vaquita conservation efforts, among other things. *See* Oral Arg. at 4:43–5:10; 6:45–6:58; 10:10–10:56; 15:55–17:27.

Ban under the MMPA. The Government claims that the final determination constitutes a final agency action, and that as a result, the preliminary injunction is no longer sustainable.

The court heard oral arguments on May 9, 2019. A significant portion of the argument was devoted to the information referenced in the pleadings cited in the aforementioned letters of March 29 and May 6, 2019, and the impact that the information may have on the sustainability of the preliminary injunction.

The pleadings cited in the March 29 and May 6 letters have not been filed before this court. The court determines that the CIT, and not this court, should review in the first instance the factual circumstances laid out in the letters to determine if they constitute a change in circumstances that alters the basis for the preliminary injunction. *See Atl. Thermoplastics Co. v. Faytex Corp.*, 5 F.3d 1477, 1479 (Fed. Cir. 1993) (stating that fact-finding by the appellate court "is simply not permitted."); *see also IGT v. Aristocrat Techs., Inc.*, 646 F. App'x 1015, 1019 (Fed. Cir. 2016) (per curiam) (declining to consider the changed circumstances in evaluating the propriety of a preliminary injunction and remanding to the district court for consideration of their impact).

For the foregoing reasons, we remand to the CIT for review and fact-finding consistent with this order. We are not convinced by the Government that the factual circumstances have changed so much as to warrant our dismissal of the preliminary injunction before reconsideration by the CIT. In order to preserve the status quo, the preliminary injunction shall remain in force pending further determination.

Accordingly,

IT IS ORDERED THAT:

(1) The case is remanded to the CIT for further consideration.

(2) The preliminary injunction shall remain in force pending further determination by the CIT.


FOR THE COURT


May 20, 2019                    /s/ Peter R. Marksteiner
     Date                       Peter R. Marksteiner
                                Clerk of Court